UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:                              }
    BARRY E. PATTERSON and          }
    LISA T. PATTERSON,              }   CASE NO.   06-40767-JJR-13
                                    }
    Debtors.                        }   CHAPTER: 13
                                    }

**AMENDED MEMORANDUM OPINION**

The above chapter 13 case was filed in the Northern District of Alabama, Eastern Division on June 5, 2006. These debtors have had four prior bankruptcy case, all of which were filed in the Middle District of Alabama. According to the debtors' petition, they reside in Goodwater, Alabama. The City of Goodwater is located within Coosa County, Alabama, and Coosa County is part of the Middle District of Alabama, rather than the Northern District. Thus, the debtors should have filed their petition in the Middle District of Alabama, Northern Division. A hearing was set for June 13, 2006 for the debtors to show cause as to why this case should not be transferred to the proper district. According to the debtors' attorney's proffer of evidence at the hearing, the debtors filed their petition in the Northern District, Eastern Division because this court, located in Anniston, Alabama, is geographically closer in proximity to the debtors' residence than the correct court of the Middle District of Alabama, Northern Division, which is located in Montgomery, Alabama. However in reality, Anniston is about 50 miles from Goodwater, and Montgomery is only about 60 miles from Goodwater; thus, the travel distance is not necessarily any more inconvenient. The debtors had no extenuating circumstances which would make travel to the Middle District an undue burden on them.

As noted on prior occasions, this Court has jurisdiction to transfer venue of the instant case,

1

pursuant to section 157(b)(3) of the Bankruptcy Code, because this is a core proceeding arising in a title 11 case. *In re Henderson*, 197 B.R. 147, 150 (Bankr. N.D. Ala. 1996).

This Court finds the Northern District of Alabama, Eastern Division is not the proper venue for the debtors' instant case. Pursuant to section 1408(1) of Title 28, a bankruptcy case may be commenced in the district in of the debtors' domicile, residence, principal place of domestic business, or principal place of domestic assets for the requisite period set forth in the statute. The Debtors' residence, as listed on their petition, is 11310 Highway 63 North, Goodwater, Alabama 35072. There is no evidence in the record to suggest any prior residence during the requisite period that would give rise to venue in this District. According to the debtors' schedules, they own a mobile home and lot in Goodwater, Alabama. Thus, the Middle District of Alabama is the proper venue for the Debtor's case.

Upon finding the petition was filed in an improper venue, the Court must determine how to handle this case. Bankruptcy Rule 1014 states that a court may transfer a case "on timely motion of a party in interest . . . and after hearing on notice to the petitioners, . . . the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties. " As stated above, it appears to be no more inconvenient for the debtor to attend court in Montgomery rather than Anniston, as Montgomery is the proper legal division for this case and is only about 10 miles further away than Anniston. When determining whether the case should be transferred in the "interest of justice," the court must consider the following factors: "(1) economics of estate administration; (2) judicial efficiency; (3) ability to receive fair adjudication; (4) enforceability of judgment; and (5) original choice of forum." The debtors' previous cases were filed in the Middle District, and the debtors should not be permitted

2

to forum shop. The estate will be administered more efficiently in the District in which the debtors reside, and it appears the debtors might have filed bankruptcy in the Northern District because they have had four previous cases dismissed in the Middle District. Nevertheless, the debtors can receive a fair adjudication of their bankruptcy case in the Middle District, and there is no reason the case should not be transferred there. This court does not take business away from another district unless justice so requires.

Absent a request by a party in interest, this Court must consider if it can *sua sponte* transfer a case to the proper venue. In prior cases dealing with this same issue, this Court has answered the question in the affirmative. *See In re Henderson*, *supra*; *In re Langston*, 291 B.R. 872 (Bankr. N.D. Ala. 2003) (holding the Court has the power to transfer on its own motion a bankruptcy petition filed in the improper venue to the proper district). Bankruptcy courts have the authority to transfer improperly filed cases under 28 U.S.C. § 151, which names bankruptcy judges in a district "a unit of the district court." *Henderson*, 197 B.R. at 153. In addition, bankruptcy courts also may exercise certain district court powers "pursuant to the referral of cases to be heard and determined by the bankruptcy court." *Id.* at 153-54, *citing Burlingame v. Whilden (In re Whilden)*, 67 B.R. 40 (Bankr. M.D. Fla. 1986); *In re Oceanquest Feeder Serv., Inc.*, 56 B.R. 715 (Bankr. D. Conn. 1986); and *In re Waits*, 70 B.R. 591 (Bankr. S.D. N.Y. 1987).

Statutory law also favors transfer. Section 1404(a) of Title 28 provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court also may dismiss, or in the interest of justice, transfer a case filed in the wrong division or district. 28 U.S.C. § 1406(a). Section 1412 also governs transferring bankruptcy cases and provides, "A district court

3

may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The Court has no evidence before it to suggest or support a finding contradicting binding precedent.

Based on the foregoing reasons and conclusions stated, it is ORDERED, ADJUDGED and DECREED that the debtors' case is to be transferred *sua sponte* to the correct venue of the Middle District of Alabama, Northern Division in Montgomery, Alabama. Pursuant to Fed. R. Bankr. P. 9021, a separate order consistent with this opinion will be entered in this case.

Dated: June 14, 2006

/s/ James J. Robinson

JAMES J. ROBINSON

United States Bankruptcy Judge